**Yuxiang XU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73788.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Yuxiang Xu, Rancho Cucamonga, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, Esq., Anthony C. Payne, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM**

Yuxiang Xu, a native and citizen of China, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its prior order dismissing Xu's appeal from an immigration judge's ("IJ") order deny-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing his applications for asylum, withholding of removal and CAT relief. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion when it denied Xu's motion to reconsider because he failed to identify a legal or factual error in the BIA's prior determination that his asylum application was not timely filed or that changed circumstances excused the late filing. *See* 8 C.F.R. 1003.2(b)(1) (stating that the motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority").

To the extent Xu seeks review of the BIA's June 20, 2003 order dismissing his appeal from the IJ's underlying decision, we lack jurisdiction because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

All remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**